[Cite as *State v. Church*, 2025-Ohio-5808.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 25CA000035 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case No. 23CR125 |
| WILLIAM D. CHURCH | Judgment:   Dismissed |
| Defendant – Appellant | Date of Judgment Entry: December 29, 2025 |

**BEFORE:** Andrew J. King; Kevin W. Popham; David M. Gormley, Appellate Judges

**APPEARANCES:**  WILLIAM D. CHURCH, PRO SE, for Defendant-Appellant.

*King, J.*

{¶ 1}   Defendant-Appellant William Church appeals the September 15, 2025 judgment of the Guernsey County Common Pleas Judge Daniel Padden which denied Church's pro-se motion for Judge Padden to recuse himself from Church's case. We find the Court of Common Pleas was without jurisdiction to act upon Church's motion, and therefore this court is without jurisdiction to address Church's assignment of error.

{¶ 2}   A trial court judge's denial of a motion to recuse is not an appealable order. When an affiant alleges bias or prejudice as Church did here, the filing of an affidavit of disqualification with the Ohio Supreme Court pursuant to R.C. 2701.03 is the exclusive lawful means of seeking recusal of a judge. R.C. 2701.03(A) directs:

(A) If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.

{¶ 3} On September 22, 2025, Church did file an affidavit of disqualification with the Ohio Supreme Court. *On Affidavit of Disqualification State of Ohio v. William D. Church*, 25-AP-144. On September 24, 2025, the Court found Church had failed to establish that the underlying case was pending before Judge Padden and dismissed the affidavit of disqualification. That being true, this court is also without jurisdiction to address Church's appeal. *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442 (1978). Accordingly, we dismiss the appeal.

For the reasons stated in our accompanying Opinion, the appeal is dismissed.

Costs to Appellant.

By: King, P.J.

Popham, J. and

Gormley, J. concur.